United States District Court
Southern District of Texas
**ENTERED**
July 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Stacy Meadows, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:23-cv-01536 |
| v. | § § | |
| Costco Wholesale Corporation, | § § | |
| *Defendant.* | § § § | |

## ORDER ON MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

On June 26, 2024, Defendant Costco Wholesale Corporation filed an amended motion requesting leave to file a summary-judgment motion after the motions deadline expired.[1] Dkt. 18; *see also* Dkt. 12 (May 1, 2024 motions deadline). Plaintiff Stacy Meadows opposed the request. *See* Dkt. 20. After carefully considering the parties' briefs, the record, and the applicable law, the Court grants Costco's motion for leave.

## Analysis

As the premise for its request for leave to file a motion for summary judgment, Costco invokes the recent decision in *Pay & Save, Inc. v. Canales*,

---

[1] Costco's original motion for leave was stricken because it lacked a certificate of conference. *See* Dkt. 17 (striking Dkt. 16).

2024 WL 2982970, at *1-2 (Tex. June 14, 2024) (per curiam). *See* Dkt. 18 at 2-3. There, the Texas Supreme Court held that legally insufficient evidence supported a finding that a wooden pallet created an unreasonably dangerous condition on a store's premises. *See* 2024 WL 2982970, at *1-2. As Costco notes, this case raises similar allegations. *See* Dkt. 18 at 2-3.

Plaintiff Stacy Meadows responds that Costco failed to address and substantiate the factors governing its request for leave to submit an out-of-time dispositive motion. *See* Dkt. 20 at 2-4. In addition, Meadows argues that Costco overstates the ramifications of the *Pay & Save* decision, maintaining that the decision does not affect the viability of her claims. *See id.* at 4-5.

As a starting point, a "district court has broad discretion in controlling its own docket, ... [which] includes the ambit of scheduling orders and the like." *Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). To obtain an extension of an expired deadline, Meadows aptly notes that Costco must show both good cause and excusable neglect. *See* Dkt. 20 at 2-3. This is evident from the text of Rule 6(b)(1)(B), which states that "[w]hen an act may or must be done within a specified time, the court may, *for good cause*, extend the time (B) on motion made after the time has expired if the party failed to act because of *excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).

Several factors guide the Court's broad discretion when evaluating good cause: (1) the explanation for the failure to timely file the motion; (2) the

importance of the motion; (3) potential prejudice in allowing the motion; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (addressing belated motion for leave to amend pleadings); *see also, e.g., Durham v. Allstate Vehicle & Prop. Ins. Co.*, 2019 WL 2907263, at \*1-2 (S.D. Tex. Jan. 4, 2019) (addressing motion for leave to file out-of-time motion for summary judgment). Factors that inform whether neglect is excusable include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006).

Costco does not explicitly address the foregoing factors. Nevertheless, its arguments for leave dovetail with many of these requirements.

First, Costco's reliance on a newly issued Texas Supreme Court decision substantiates the first two requirements for good cause, namely by explaining the timing for seeking leave and demonstrating the importance of its request. Costco has ample justification for seeking leave to file a motion for summary judgment at this time because *Pay & Save* was not decided until weeks after this Court's motions deadline had expired. *Cf. Durham*, 2019 WL 2907263, at

3

*1 (finding good cause for late submission of a motion for summary judgment when the premise for the motion occurred after the deadline had passed). In addition, *Pay & Save* rejected a premises liability claim because the plaintiff failed to show that a wooden pallet, on which he had caught his shoe, posed an unreasonable danger. *See* 2024 WL 2982970, at *1-2. At least at a high level, this case involves a similar premises liability claim asserting that Meadows fell after catching her shoe on a pallet displaying products at Costco's store. *See* Dkt. 1-1 at 4. Although Meadows disputes Costco's characterization of the Texas Supreme Court's holding, *see* Dkt. 20 at 4-5, even a cursory reading of *Pay & Save* reflects that it has a significant bearing on Meadows's claims.

The prejudice-related factors for good cause do not undermine Costco's request for leave to submit a summary-judgment motion. Meadows does not identify any prejudice that would result if the motion were permitted, or at least any prejudice that a continuance could not resolve. After all, absent summary-judgment practice, the Court would still need to address the ramifications of *Pay & Save* at trial, including when considering Costco's eventual request at trial for Rule 50(a) judgment as a matter of law. The better course is to determine *pre*-trial, with the benefit of both sides' briefs, whether and how *Pay & Save* affects the merits of Meadows's claims. Concerns about prejudice also can be reduced by continuing the remaining deadlines. This

would prevent the parties from having to prepare trial-related materials until the implications of *Pay & Save* for this case are determined.

The foregoing analysis also confirms that Costco's request satisfies the standard for excusable neglect.  As already noted, there is no appreciable prejudice to Meadows, particularly if the trial-related deadlines are extended until Costco's motion for summary judgment is resolved.  Allowing Costco to file the motion would entail some delay, but it also carries the potential of preserving party and court resources if the motion is meritorious.  Finally, as concluded above, Costco raised the *Pay & Save* decision reasonably, and in good faith, shortly after the case was decided.  Excusable neglect therefore exists.

To be clear, the Court's conclusion neither endorses nor rejects either side's view of *Pay & Save*'s impact on Meadows's claims.  For present purposes, it is enough that *Pay & Save* is a new and binding decision with obvious importance and relevance to this suit.  Finding good cause and excusable neglect, the Court therefore grants Costco's motion for leave to file a summary judgment motion premised <u>solely</u> on the *Pay & Save* decision, sets the deadlines for the parties' briefing, and stays the remaining trial-related deadlines until the motion is resolved.

## Conclusion & Order

For the foregoing reasons, it is **ORDERED** that Defendant Costco Wholesale Corporation's amended motion for leave to file a motion for summary judgment (Dkt. 18) is **GRANTED**.

It is further **ORDERED** that Costo must file its motion for summary judgment, addressing solely the *Pay & Save* decision, by **July 22, 2024**. Plaintiff Stacy Meadows's response is due **August 12, 2024**. Costco's reply, if any, is due **August 19, 2024**.

The deadlines for the joint pretrial order, docket call, and trial (Dkt. 12) are hereby **STAYED** until Costco's motion for summary judgment is resolved.

Signed on July 5, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge